UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| **MILL METRO LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>**Defendant.** | : : : : : : : : : : | **Case No.** |

## COMPLAINT

Plaintiff Mill Metro LLC, by and through undersigned counsel, pursuant to 7 U.S.C. § 2023 and 7 C.F.R. § 279.7, hereby files this Complaint against Defendant United States of America and alleges:

1. This action seeks judicial review of the Final Agency Decision ("FAD"), dated September 16, 2026, of the United States Department of Agriculture's ("USDA") Food and Nutrition Administration ("FNA"), affirming the temporary disqualification of Mobil on Fond Du Lac, the retail food store owned by Mill Metro LLC, from participation as an authorized retailer in the Supplemental Nutrition Assistance Program ("SNAP").

## PARTIES

2. Plaintiff Mill Metro LLC is a Wisconsin limited liability company.

3. Plaintiff Mill Metro LLC is a resident and citizen of the State of Wisconsin.

4. Mill Metro LLC is the owner of Mobil on Fond Du Lac, a SNAP-authorized grocery store located at 9622 W Fond Du Lac Avenue, Milwaukee, WI 53225 ("Mobil on Fond Du Lac" or "Store").

5. Mobil on Fond Du Lac is a "retail food store," as such a term is defined in 7 C.F.R. § 271.2.

6. Defendant United States of America is the federal government.

7. USDA is an executive branch department of the federal government.

8. FNA is an agency of the USDA.

9. FNA administers and has promulgated regulations governing the SNAP pursuant to a delegation by Congress in Section 4 of the Food and Nutrition Act of 2008, 7 U.S.C. § 2013, and from the USDA Secretary.

10. Formerly known as the food stamp program, SNAP provides supplemental nutrition benefits to more than 37 million Americans and just under 654,000 residents of Wisconsin. SNAP's fundamental purpose is to provide eligible low-income households with increased food purchasing power. 7 U.S.C. § 2011.

11. Pursuant to SNAP regulations set forth in 7 C.F.R. Part 278, FNA asserts that it has regulatory authority to authorize and disqualify retail food stores from participation in SNAP.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 7 U.S.C. § 2023, 7 C.F.R. § 279.7, 28 U.S.C. §§ 1331 and 1346.

13. Venue in this district is proper under 7 U.S.C. § 2023 and 28 U.S.C. §§ 1391(b) and (e) because Mobil on Fond Du Lac, the retail food store that is the subject of this action, is located in this judicial district. Venue is also proper because the United States of America is deemed a resident of this district and has consented to suit in this district.

14. Plaintiff Mill Metro LLC has exhausted any and all administrative remedies required prior to the institution of this action.

## FACTUAL ALLEGATIONS

15. Mobil on Fond Du Lac is a convenience store that serves an impoverished community in Milwaukee.

16. At all times relevant hereto, Mobil on Fond Du Lac is and has been authorized by FNA to redeem SNAP benefits. Mobil on Fond Du Lac's FNA-issued SNAP authorization number is 0685029.

17. At all times relevant hereto, Mobil on Fond Du Lac trained its employees regarding SNAP in accordance with FNA requirements.

18. At all times relevant hereto, Mobil on Fond Du Lac properly supervised its employees regarding SNAP transactions and program requirements.

19. At all times relevant hereto, Mobil on Fond Du Lac sold SNAP-eligible staple food items.

20. Numerous items sold at Mobil on Fond Du Lac are and were SNAP-eligible items.

21. The Food and Nutrition Act does not define "common ineligible items."

22. FNA's SNAP regulations do not define "common ineligible items."

23. FNA has not issued any publicly issued guidance defining "common ineligible items."

24. No other SNAP-authorized retail food store in the vicinity carries as wide an array of SNAP-eligible items at comparable prices.

25. On or about April 15, 2026, FNA's Retailer Operations Division ("ROD") sent Mobil on Fond Du Lac a letter charging the Store with accepting SNAP benefits in exchange for common ineligible items in alleged violation of FNA's SNAP regulations contained at 7 C.F.R. § 278.2(a) ("Charge Letter").

26. The Charge Letter alleged that Mobil on Fond Du Lac sold paper plates and Dawn dishwashing liquid in exchange for SNAP benefits ("EBT") on one occasion in November 2025 to an undercover FNA investigator.

27. On May 20, 2026, Mobil on Fond Du Lac submitted its response to the Charge Letter.

28. On June 8, 2026, FNA issued its initial determination ("Initial Determination"). In the Initial Determination, FNA concluded that the alleged violations set forth in one attachment to the Charge Letter occurred, declined to issue a warning and disqualified the Store from participating in SNAP for six months.

29. The Initial Determination, which consisted of a short form letter, advised that FNA found that "the violations occurred at your store." The Initial Determination also failed to address the Store's request for a warning.

30. On June 11, 2026, Mobil on Fond Du Lac timely sought administrative review of the Initial Determination pursuant to 7 C.F.R. Part 279.

31. On July 22, 2026, Mobil on Fond Du Lac submitted its response in support of its Request for Administrative Review of the Initial Determination ("Mobil on Fond Du Lac's Response").

32. Mobil on Fond Du Lac's Response requested that FNA's Administrative and Judicial Review Branch ("ARB") reverse the Initial Determination and issue it a warning.

33. On September 16, 2026, FNA Administrative Review Officer ("ARO") David Shively issued the FAD. A copy of the FAD is attached hereto as Exhibit A.

34. In its FAD, ARB rejected all of Mobil on Fond Du Lac's arguments, notwithstanding the evidence submitted by the Store, and affirmed the Initial

Determination that imposed a six-month term disqualification from SNAP upon Mobil on Fond Du Lac.

35. The FAD concluded that “[t]he investigation report documents by a preponderance of the evidence that a store employee engaged in the misuse of SNAP benefits noted in Exhibit A, warranting a disqualification as a SNAP retail food store for a period of six months.” *Id.* at 4.

36. The FAD failed to properly address Mobil on Fond Du Lac’s argument that paper plates and dishwashing liquid were not common ineligible items.

37. The FAD wholly ignored Mobil on Fond Du Lac’s argument that the management of the Store was not careless and did not poorly supervise its employees, apparently confusing the Store’s substantive argument regarding the lack of evidence demonstrating carelessness with the applicable penalty if carelessness was found to have taken place. *Id.* at 5.

38. ARO Shively did not conduct any independent analysis of the allegations set forth in the Charge Letter and merely relied upon the undercover investigator’s report.

39. ARO Shively also failed to note in the FAD that the Store rejected the attempted sale of non-food items during two other store visits by the undercover investigator.

40. The Store's refusal to sell SNAP-ineligible items to the undercover investigator on two occasions conclusively establishes that it was not firm practice to sell SNAP-ineligible items.

41. The FAD failed to meaningfully address Mobil on Fond Du Lac's argument that a warning was appropriate.

42. The FAD improperly relied upon the Retailer Operations Division's determination, and ARO Shively did not conduct his own independent analysis.

## FNA's SNAP REGULATIONS

43. Pursuant to 7 C.F.R. § 278.6(e)(5), the penalty for a firm not previously sanctioned for accepting SNAP benefits in exchange for "common ineligible items due to carelessness or poor supervision" (emphasis added) is a six-month term disqualification from participation in SNAP.

44. FNA is required to "send the firm a warning letter if violations are too limited to warrant a disqualification." 7 C.F.R. § 278.6(e)(7).

## COUNT I - JUDICIAL REVIEW OF FINAL AGENCY ACTION PURSUANT TO 7 U.S.C. § 2023 AND 7 C.F.R. § 279

45. Plaintiff Mill Metro LLC repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46. Mobil on Fond Du Lac denies that the Store engaged in violations of FNA's SNAP regulations or that a six-month disqualification from SNAP was an appropriate penalty.

47. At no time did Mobil on Fond Du Lac sell any “common ineligible items” in exchange for SNAP benefits.

48. At no time did Mobil on Fond Du Lac poorly supervise its employees.

49. No evidence in the Administrative Record exists that supports FNA’s determination that Mobil on Fond Du Lac poorly supervised its employees.

50. At no time did Mobil on Fond Du Lac act carelessly in permitting the sale of “common ineligible items” in exchange for SNAP benefits.

51. No evidence in the Administrative Record exists that supports FNA’s determination that Mobil on Fond Du Lac acted carelessly in permitting the sale of “common ineligible items” in exchange for SNAP benefits.

52. FNA’s determination that Mobil on Fond Du Lac sold “common ineligible items” in exchange for SNAP benefits was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

53. FNA’s determination that Mobil on Fond Du Lac poorly supervised its employees was invalid, unreasonable, arbitrary, capricious, and unsupported by the evidence.

54. FNA’s determination that Mobil on Fond Du Lac acted carelessly in permitting “common ineligible items” to be sold in exchange for SNAP benefits was invalid, unreasonable, arbitrary and, capricious, and unsupported by the evidence.

55. FNA's six-month disqualification of Mobil on Fond Du Lac's participation in SNAP and denial of its request for a warning was invalid, unreasonable, arbitrary and capricious, and unsupported by the evidence. *See Kim v. United States*¸ 903 F. Supp. 118 (D.D.C. 1995) (reversing FNA's imposition of a six-month term disqualification where there was no evidence of intent, no evidence that a pattern of selling ineligible items due to carelessness existed, no prior warnings were given, and no trafficking took place).

56. FNA's six-month disqualification of Mobil on Fond Du Lac from participating in SNAP and denial of its request for a warning should be reversed because FNA failed to consider all evidence related to the Store.

57. FNA failed to consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

58. FNA's six-month disqualification of Mobil on Fond Du Lac from participating in SNAP and denial of its request for a warning should be reversed because FNA failed to properly consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

59. FNA's six-month disqualification of Mobil on Fond Du Lac from participating in SNAP and denial of its request for a warning should be reversed because FNA

failed to properly consider all available evidence in determining whether staple food items were available at comparable prices at other SNAP-authorized stores in the vicinity.

60. FNA's analysis of other SNAP-authorized stores in the vicinity failed to consider where SNAP beneficiaries who shopped at Mobil on Fond Du Lac resided.

61. FNA officials and employees did not visit other SNAP-authorized stores in the vicinity of Mobil on Fond Du Lac in November 2025.

62. FNA did not conduct a comparison of prices of staple food items at Mobil on Fond Du Lac and other SNAP-authorized stores in the vicinity in November 2025.

63. FNA's six-month disqualification of Mobil on Fond Du Lac from participating in SNAP and denial of its request for a warning should be reversed because FNA's analysis of other SNAP-authorized stores in the vicinity (1) failed to consider where SNAP beneficiaries who shopped at Mobil on Fond Du Lac resided; and (2) was not based, upon information and belief, on store visits to other SNAP-authorized retailers in the vicinity in November 2025.

64. FNA's six-month disqualification of Mobil on Fond Du Lac from participating in SNAP and denial of its request for a warning should be reversed because FNA's analysis was not based on a comparison of (a) prices charged for staple food items or (b) the variety of staple food items at Mobil on Fond Du Lac and other SNAP-authorized stores in the vicinity in November 2025.

65. FNA's six-month term disqualification of Mobil on Fond Du Lac from participating in SNAP and denial of its request for a warning should be reversed because FNA failed to interview any SNAP beneficiaries whose EBT cards were used at the store in November 2025.

66. FNA's six-month term disqualification of Mobil on Fond Du Lac from participating in SNAP was improper because it was not based on evidence that Mobil on Fond Du Lac poorly supervised its employees.

67. FNA's six-month term disqualification of Mobil on Fond Du Lac from participating in SNAP was improper because FNA had no evidence that Mobil on Fond Du Lac acted carelessly in permitting the exchange of ineligible items for SNAP benefits.

68. FNA's denial of Mobil on Fond Du Lac's request for a warning was not rationally related to any legitimate governmental interest.

69. FNA's denial of Mobil on Fond Du Lac's request for a warning is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

70. FNA's failure to issue a warning to Mobil on Fond Du Lac based on the sale of ineligible items is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

71. FNA's imposition of a six-month term disqualification based on the sale of SNAP-ineligible items is inconsistent with Congressional intent in enacting the Food and Nutrition Act of 2008.

72. FNA's denial of Mobil on Fond Du Lac's request for a warning represents agency action beyond the scope of authority granted by Congress to FNA when it delegated power to promulgate and enforce reasonable regulations in the Food and Nutrition Act of 2008.

73. 7 C.F.R. § 278.6(e)(5) is inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(2) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

74. To the extent that 7 C.F.R. § 278.6(e)(5) purports to provide criteria for the disqualification of a SNAP-authorized retailer food store based on the sale of SNAP-ineligible items, those criteria are inconsistent with the directive from Congress contained in 7 U.S.C. § 2021(a)(1) in violation of the Food & Nutrition Act of 2008 and the Administrative Procedure Act.

75. FNA's denial of Mobil on Fond Du Lac's request for a warning which was based entirely upon circumstantial evidence, represents agency action beyond the scope of authority granted by Congress to FNA when it delegated the power to promulgate and enforce reasonable regulations pursuant to the Food and Nutrition Act of 2008.

76. District courts must exercise independent judgment in deciding whether an agency has asked within its statutory authority. *Loper Bright v. Raimondo*, 603 U.S. 369 (2024).

77. District courts should no longer grant deference to agency actions.

78. District courts should set aside agency actions that are unsupported by substantial evidence.

79. FNA's decision to deny Mobil on Fond Du Lac's request for a warning exceeded its authority under the Food & Nutrition Act of 2008.

80. FNA's decision to deny Mobil on Fond Du Lac's request for a warning exceeded its authority under its SNAP regulations.

81. FNA's decision to deny Mobil on Fond Du Lac's request for a warning was not supported by substantial evidence.

82. At no time did FNA provide Mobil on Fond Du Lac with a warning that non-food items, including (but not limited to) paper plates and dishwashing liquid, were being sold in exchange for SNAP benefits prior to issuance of the Charge Letter.

83. FNA should have provided Mobil on Fond Du Lac with a warning that non-food items, including (but not limited to) paper plates and dishwashing liquid, are not eligible for the redemption of SNAP benefits prior to the issuance of the Charge Letter.

84. In the event that FNA provided Mobil on Fond Du Lac with a warning that non-food items, including (but not limited to) paper plates and dishwashing liquid, were being sold at the Store in exchange for SNAP benefits, Mobil on Fond Du Lac would have re-trained its employees regarding SNAP requirements.

85. FNA had no basis to have concluded that paper plates and dishwashing liquid are "common ineligible items."

86. Prior to issuing the Initial Determination, FNA failed to conduct any analysis of the variety of staple food products carried at Mobil on Fond Du Lac or any other SNAP-authorized retailer in the vicinity during November 2025.

87. Upon information and belief, prior to issuing the Initial Determination, FNA failed to conduct any analysis of the pricing of staple food products carried at Mobil on Fond Du Lac.

88. Upon information and belief, prior to issuing the Initial Determination, FNA failed to conduct any analysis of the pricing of staple food products carried at other SNAP-authorized retailers in the vicinity.

89. No other SNAP-authorized retailer in the vicinity sells as wide a variety of SNAP-eligible items at comparable prices as Mobil on Fond Du Lac.

90. FNA, in issuing the FAD, relied upon records and other information never provided to Mobil on Fond Du Lac.

91. In its FAD, FNA relied upon data concerning other SNAP-authorized stores not "in the vicinity" of the Store.

92. The FAD was not based upon any declarations or affidavits from USDA or FNA employees or contractors whose identities were disclosed to Mobil on Fond Du Lac.

93. The FAD is FNA's final administrative determination that its six-month disqualification of Mobil on Fond Du Lac from participation as an authorized SNAP retailer was properly imposed.

94. The FAD is subject to judicial review and a trial *de novo* pursuant to 7 U.S.C. §§ 2023(a)(13), (15).

95. Judicial reviews pursuant to 7 U.S.C. § 2023(a) are not governed by the Administrative Procedure Act, and the evidence is not limited to the administrative record prepared by FNA.

96. The FAD was based on an arbitrary and capricious interpretation of the Food and Nutrition Act of 2008 and FNA's SNAP regulations.

97. The FAD was based on SNAP regulations promulgated by FNA in excess of the authority granted to it (and USDA) by Congress.

98. The FAD incorrectly determined that the Store's usual practice was selling SNAP ineligible items.

99. The Store’s usual practice is not to sell SNAP-ineligible items in exchange for SNAP benefits.

100. The Store’s refusal to sell SNAP-ineligible items to the undercover investigator on multiple occasions is conclusive evidence that its usual practice was not to sell SNAP-ineligible items in exchange for SNAP benefits.

101. In issuing the FAD, FNA acted arbitrarily and capriciously by failing to consider all information submitted by or related to Mobil on Fond Du Lac.

102. Plaintiff respectfully requests a *de novo* review of FNA’s FAD, which affirmed the term disqualification of Mobil on Fond Du Lac’s store from SNAP and determined that the alleged violations took place.

103. Plaintiff respectfully requests a *de novo* review of FNA’s FAD in which FNA affirmed the decision in the Initial Determination to decline to issue a warning.

104. Plaintiff respectfully requests a *de novo* review of FNA’s FAD, which affirmed the decision in the Initial Determination to decline to assess a Hardship CMP.

WHEREFORE, Plaintiff Mill Metro LLC respectfully requests that this Court, after conducting a *de novo* review of the FAD, enter judgment in its favor and against the United States and issue an Order granting the following relief:

a. Reversing the FAD;

b. Vacating FNA’s Initial Determination;

c. Declaring that paper plates and Dawn dishwashing liquid are not "common ineligible items" under FNA's SNAP regulations;

d. Declaring the FNA's policy of not conducting store visits and failing to obtain data regarding the variety and pricing for staple food items at other SNAP-authorized stores in the vicinity is arbitrary and capricious, inconsistent with the Administrative Procedure Act and the Food & Nutrition Act of 2008, and exceeds the authority delegated by Congress therein;

e. Declaring that selling SNAP ineligible items during a single occasion is not evidence of "Firm practice" as such term is defined in 7 C.F.R. § 271.2.

f. Preliminarily enjoining FNA from disqualifying Mobil on Fond Du Lac from participating in SNAP during the pendency of this action;

g. Permanently enjoining FNA from denying authorization to Mobil on Fond Du Lac to participate in SNAP based upon the Initial Determination and the FAD;

h. In the alternative, directing FNA to issue a warning to the Store;

i. Awarding Mobil on Fond Du Lac an amount equal to its reasonable attorneys' fees and costs, including pursuant to the Equal Access to Justice Act; and

j. Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 13th day of October 2026.

/s/ *Stewart D. Fried*
Stewart D. Fried, Esq.
Olsson Frank Weeda Terman Matz PC
2000 Pennsylvania Avenue, N.W., Suite 4003
Washington, DC 20006
Telephone: (202) 518-6326
sfried@ofwlaw.com

*Attorneys for Plaintiff Mill Metro LLC*